# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KEVIN STEELE,
    Plaintiff,

vs

KIMBERLY ANN STEELE
et al.,
    Defendants.

Case No. 1:12-cv-439

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, who resides in Butler County, Ohio, has filed a *pro se* pleading entitled "Verified Complaint for Fraud, Constitutional Violations, and Damages, with Notice and Petition for Warrant of Removal." (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint/petition to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against his ex-wife, Kimberly Ann Steele; the Commonwealth of Kentucky; the County of Shelby, Kentucky; John David Myles, a Shelby County judge; Stephen K. Mershon, a former Shelby County judge; Gilmore Dutton, an attorney who formerly represented plaintiff's ex-wife; Brian Gowin, an attorney who is currently representing plaintiff's ex-wife; and Martin F. McDonald, a judge who replaced defendant Mershon on the Shelby County court. (*See* Doc. 1, Complaint, pp. 9-10). The complaint is rambling, but plaintiff essentially challenges actions taken in a divorce proceeding initiated by defendant Kimberly Ann Steele in Shelby County, Kentucky, which resulted in the dissolution of their marriage and the alleged deprivation of his "parental-child relationships." (*Id.*, p. 14). Plaintiff specifically alleges that "Defendant Myles, empowered by Defendant Kentucky and Defendant Shelby County, improperly acted in his judicial function to unilaterally terminate the Petitioner-Plaintiff father's pre-existing custodial rights, arbitrarily naming him as a new 'non-custodial' parent, . . . further attaching a lien of child support upon him, and further depriving him of his residence and also directly interfering with the normal and necessary operations of said family business." (*Id.*). Plaintiff further alleges that defendant Dutton "affirmatively participate[d] in each of the unlawful judicial events" as counsel for plaintiff's ex-wife. (*Id.*, p. 15). Plaintiff states defendant Gowin replaced Dutton as counsel for plaintiff's ex-wife and that defendant Mershon replaced

Myles as the judge presiding over the "family court case of now a decade." (*Id.*). Finally, plaintiff alleges that defendant Mershon "never bothered to submit his oath of office to the proper authorities," and therefore, is not "actually a lawful and properly-valid judge in the entire context of the instant state court matters." (*Id.*).

Plaintiff avers that although defendant Kimberly Ann Steele resided in Kentucky when she "filed for dissolution in Shelby County, Kentucky, she almost immediately (after receiving 'temporary' custody by initial dissolution filing), within several months later, had already completed apparent prior plans to move to Cincinnati, Ohio." (*Id.*). Plaintiff claims that "six months later, i.e., several years ago now, all state and federal 'uniform' laws regarding interstate child custody proceedings mandated that any pending family law actions be transferred to the same jurisdiction of the minor children, themselves, which was in Ohio, not Kentucky." (*Id.*). Plaintiff contends that because he, his ex-wife, and their remaining minor children have resided in Ohio "for quite some time," Kentucky is "no longer authorized to continue any jurisdiction or proceedings over the Steele family" and that the proceedings which have taken place in the Kentucky case these past several years are, therefore, "unlawful" and "void." (*Id.*, pp. 15-17).

Plaintiff alleges that over the course of the years the Shelby County court has subjected him to "severely onerous" child support payment obligations; has implemented "contempt actions including jail time" against him on several occasions without providing him with due process; and has "fraudulently, falsely, arbitrarily and capriciously" awarded his ex-wife with "**all** appreciable real estate, property, assets and monies, while simultaneously 'awarding' [him] with **all** of the family debt and virtually and literally nothing of substantive value as to tangible assets or property." (*Id.*, pp. 16-17) (emphasis in original). Plaintiff states that he is bringing this

4

action for "instant removal and full complaint for civil damages along with declaratory relief" because the "same wholly fraudulent state court, now with yet another new judge who has absolutely no history with this case, has recently set the case for yet another child support hearing, yet *still* fraudulently attempting to collect VOID child support debt . . . and once again threatening another imminent and false jailing of Petitioner-Plaintiff, who has been left with nothing for years, had everything literally stolen from him by 'legal' action of this same Shelby County court system." (*Id.*, pp. 17-18) (emphasis in original). Plaintiff states that he is entitled to relief based on claims of gender discrimination, false arrests and wrongful imprisonments, and fraud and theft. (*Id.*, pp. 18-20).

Plaintiff asserts that this Court has jurisdiction over the "cause of action for removal and civil complaint" under the removal provisions set forth in 28 U.S.C. §§ 1443 and 1446(b), as well as under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983. The undersigned disagrees and finds that the complaint/petition is subject to dismissal for lack of subject matter jurisdiction.

First, the Court lacks jurisdiction over the cause of action to the extent that plaintiff requests that the Shelby County, Kentucky domestic relations case be removed to this Ohio federal district court. 28 U.S.C. § 1443 provides that certain "civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States *for the district and division embracing the place wherein it is pending.*" (Emphasis added).[1] The Kentucky case that plaintiff seeks to remove is obviously not pending in

---

[1] Although plaintiff also cites 28 U.S.C. § 1446(b) as providing a jurisdictional basis for removal, that provision only addresses the time requirement that must be satisfied for filing a notice of removal. In any event, it is clear that, like 28 U.S.C. § 1443, jurisdiction under § 1446 may be invoked only in cases where the defendant seeks to remove a state-court action to "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).

5

this Ohio federal judicial district.[2] Therefore, federal removal statutory provisions do not apply and cannot be invoked by plaintiff for obtaining this Court's jurisdiction over his cause of action.

Second, to the extent that plaintiff seeks to file an original complaint against the defendants for damages and declaratory relief, the Court lacks subject matter jurisdiction to consider plaintiff's claims.

Plaintiff alleges that jurisdiction lies under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserted the same argument when he previously attempted to remove the state-court action challenged herein to the federal district court in Kentucky. *See Steele v. Steele*, No. 3:10-CV-40-KSF, 2011 WL 2413400, at *2-6 (E.D. Ky. June 10, 2011). The district court rejected plaintiff's contentions and remanded the matter to the state court for lack of subject matter jurisdiction. *See id.* In so ruling, the court reasoned in pertinent part as follows:

> Federal courts have no jurisdiction over domestic relations matters. As the United States Supreme Court reaffirmed in *Ankenbrandt v. Richards,* 504 U.S. 689 (1992), the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703. This exception embodies the recognition by federal courts that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 [(1890)].
>
> Steele states in his Notice of Removal that he ". . . does not, in any way, request and/or seek this Honorable federal court to alter, amend, or change whatsoever, any aspect(s) of divorce, child custody, or any other type of familial and/or

---

[2]It is noted that plaintiff previously attempted to remove the Shelby County family court case to the appropriate Kentucky federal district court located in the district and division where the state-court action is pending. *See Steele v. Steele*, No. 3:10-CV-40-KSF, 2011 WL 2413400 (E.D. Ky. June 10, 2011). In that case, the district court *sua sponte* remanded the case to the Shelby County court after concluding that it lacked subject matter jurisdiction over the action. *See id.*

> domestic matters that are properly reserved for the state court system.". . . He later stated that "Again, the Petitioner does NOT seek or request this Honorable Court to involve itself in any state law matters of divorce, child custody, or similar, but only to enforce basic due process.". . .
>
> However, Steele contradicted that claim in other passages of his Notice of Removal. . . .
>
> ****
>
> Despite Steele claiming on the one hand that he does not want this Court to alter or amend any past orders entered in the Domestic Relations Action, he on the other hand asks this Court to "immediately intervene" in, and take control of, all aspects of his pending state court domestic relations proceeding, in which Orders adverse to him have been entered over the years. He seeks assurance that any interim or final orders entered in the Domestic Relations Action protect his federal constitutional rights. As explained, the "domestic relations doctrine" prevents an unhappy state court domestic relations litigant (such as Steele) from removing to federal court when displeased about the state court domestic relations proceeding.
>
> Consequently, because Steele seeks to remove a state action involving domestic relations issues including matters of child support, custody and/or maintenance which are currently being litigated in state court . . ., the "domestic relations exception" to federal jurisdiction applies, divests this Court of subject matter jurisdiction over the matter, and bars the removal of the state court action to federal court.

*Id.* at *2-4.

The district court also found that the Shelby County domestic relations proceeding and the child support obligations at issue in the case do not involve any issue of federal law, but rather are "premised solely on Kentucky state law." *Id.* at *4. In so concluding, the court specifically rejected plaintiff's contention that he had stated an actionable claim under the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1671, based on the allegation that the garnishment of his wages to meet child support obligations exceeded the permissible limits allowed by that statute. *Id.* at *4-5.

Finally, the district court concluded that it was precluded from exercising subject matter

7

jurisdiction over plaintiff's § 1983 claims based on the abstention doctrine established by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), and the *Rooker-Feldman* doctrine, which "stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *see also Steele v. Steele, supra,* 2011 WL 2413400, *5-6. Because the district court determined that it had no original jurisdiction over plaintiff's claims due to "the 'domestic relations' exception, the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and the inapplicability of other federal statutes," it further concluded that no basis existed for exercising supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state-law claims. *Id.* at *6-7.

To the extent plaintiff seeks to raise the same issues that were litigated and decided against him in the previous removal action, his claims are barred from review under the doctrine of collateral estoppel, which bars "relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Tenenbaum v. United States Dep't of Defense*, 407 F. App'x 4, 6 (6th Cir. 2010) (quoting *Cobbins v. Tennessee Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009)) (affirming the dismissal of the plaintiffs' § 1983 action because their claims turned on an issue raised and litigated in a prior action that was necessary to the final resolution of the case, and plaintiffs had a "full and fair opportunity" to litigate the issue in the prior case), *cert. denied*, 131 S.Ct. 2549 (2011). Moreover, as the Kentucky district court held in the prior removal action, any claims by plaintiff challenging actions taken in the state domestic relations case are barred from

8

review under the *Rooker-Feldman* doctrine. *Cf. Evans v. Yarbrough*, No. 00-3588, 2000 WL 1871706, at *2 (6th Cir. Dec. 13, 2000) (holding that the federal district court lacked authority under the *Rooker-Feldman* doctrine to consider plaintiff's complaint essentially "disagreeing with the manner in which his parental or visitation rights were allocated" by Ohio's domestic relations court); *see also Pandey v. Russell*, 445 F. App'x 56, 58-59 (10th Cir. 2011) (holding that the *Rooker-Feldman* doctrine applied to preclude federal district court review of plaintiff's allegations challenging the authority of state judges to issue rulings in a divorce proceeding because in order for plaintiff to prevail on his claims, "the district court . . . would have to review, and ultimately reject, the orders issued by the defendants in the state divorce proceedings"), *cert. denied*, 132 S.Ct. 1760 (2012); *Turner v. Chase*, 334 F. App'x 657, 659-60 (5th Cir. 2009) (affirming the dismissal of a complaint alleging various constitutional and civil-rights violations in connection with state-court divorce proceedings as "falling squarely in the category of cases covered by the *Rooker-Feldman* doctrine" because the plaintiff essentially sought to have the state-court divorce proceedings "re-opened and re-litigated in federal court and, ultimately, [sought] to nullify the state court judgment adverse to her").

In any event, to the extent that plaintiff seeks to raise new issues challenging the continuing jurisdiction of the Kentucky courts over the domestic relations matter involving child support and custody issues, plaintiff has failed to state a claim upon which relief may be granted by this Court. As the Kentucky district court properly determined in the prior removal action, federal courts lack jurisdiction over cases such as this, involving disputes over child custody, child support obligations and the division of marital property pursuant to a divorce decree. *See, e.g., Chambers v. Michigan*, __ F. App'x __, No. 11-1442, 2012 WL 1130441 (6th Cir. Apr. 5,

9

2012) (citing *Ankenbrandt*, 504 U.S. at 703; *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981)); *see also McLaughlin v. Cotner*, 193 F.3d 410, 412-15 (6th Cir. 1999) (and cases cited therein).

Even assuming, *arguendo*, that jurisdiction lies to consider issues arising in the state-court domestic relations proceeding, plaintiff's allegations do not state an actionable federal claim under 42 U.S.C. § 1983 against the named defendants. In order to allege a cognizable § 1983 civil rights claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. A'ppx 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

Here, plaintiff's § 1983 claim against the Commonwealth of Kentucky is subject to dismissal because "§ 1983 actions do not lie against a State." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004).

Plaintiff's complaint against Shelby County, Kentucky is also subject to dismissal because counties cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted by their employees or agents. *See Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis v. Bexley Police Dep't*, No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when

the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a county, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (official policy must be "moving force" behind constitutional deprivation). Counties and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Here, plaintiff has alleged no facts to suggest that he has been injured as a result of an unconstitutional county policy or custom.

Plaintiff has also failed to state an actionable claim under § 1983 against the three defendant state judges, who have presided over the challenged domestic relations proceeding over the course of the years. It is well-settled that judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "[J]udicial immunity is not overcome by allegations of bad faith or malice" or of action taken "in error . . . or in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13. Although plaintiff has claimed Kentucky lost jurisdiction over the domestic relations case when he, his ex-wife and their children moved to Ohio, plaintiff's allegations are insufficient to suggest that the defendant judicial officers acted in the complete absence of any jurisdiction in the matter that was properly initiated in the Shelby County court. Therefore, the Shelby County judges who have been named as defendants in this

action are absolutely immune from monetary damages in this case. *Cf. Sterling v. Trotter*, No. C2-01-528, 2002 WL 484983, at *3-4 (S.D. Ohio Mar. 27, 2002) (Sargus, J.) (holding that judges in state domestic relations proceedings were absolutely immune from suit for money damages in case where the plaintiff alleged they deprived him of his constitutional rights during those proceedings).

In addition, to the extent that plaintiff seeks declaratory relief from the defendant judicial officers, plaintiff has failed to state a viable claim against the two judges, Myles and Mershon, who are no longer presiding over the Kentucky domestic relations case. Moreover, the Court is precluded from considering any claim for equitable relief against the current judge, defendant McDonald, under the *Younger* abstention doctrine. *Younger* abstention applies when the challenged state proceeding is currently pending, involves an important state interest, and affords the plaintiff an adequate opportunity to raise his constitutional claims. *Id.* at *4 (quoting *Mann v. Conlin,* 22 F.3d 100, 105 (6th Cir. 1994)). Here, the state domestic relations case, which was filed by plaintiff's ex-wife in October 2003, *see Steele v. Steele, supra,* 2011 WL 2413400, at *1, is apparently still pending before the Shelby County Family Court on issues that have arisen regarding plaintiff's child support obligations. (*See* Doc. 1, Complaint, pp. 17-18). The state proceedings "involve a paramount state interest, i.e., domestic relations law." *See Mann,* 22 F.3d at 106 (citing *Parker v. Turner*, 626 F.2d 1, 4 (6th Cir. 1980)); *see also Kelm v. Hyatt,* 44 F.3d 415, 419-20 (6th Cir. 1995); *Evans, supra,* 2000 WL 1871706, at *1; *Sterling, supra,* 2002 WL 484983, at *4. Finally, in the absence of any showing that the Kentucky domestic relations court does not provide an adequate forum for plaintiff to raise his constitutional claims, the Court must presume that an adequate opportunity is provided plaintiff to present his claims to the state court.

*Cf. Kelm*, 44 F.3d at 420-21. Because all three *Younger* criterion are thus satisfied, abstention is proper in this case.

The remaining defendants, plaintiff's ex-wife and her attorneys in the state-court domestic relations action, cannot be held liable under § 1983 because they are not state actors. *Cf. Dodson*, 454 U.S. at 325 (holding that public defender does not act under color of state law for purposes of § 1983); *Otworth v. Vanderploeg,* 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers); *Miller v. Countrywide Home Loans*, 747 F. Supp.2d 947, 954 (S.D. Ohio 2010) (Sargus, J.) (and cases cited therein) (holding that the private-party defendants, who were plaintiff and plaintiff's counsel in a state-court foreclosure proceeding, were not "'state actors' for purposes of stating a viable § 1983 claim merely because they were making use of the state's courts and/or its laws"); *see also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998); *Horton v. Martin,* 137 F. App'x 773, 775-76 (6th Cir. 2005). Absent any allegation even remotely suggesting plaintiff's ex-wife and her attorneys acted under color of state law by acting in concert with state officials, plaintiff's complaint fails to state a claim under § 1983. *Cf. Horton,* 137 F. App'x at 775-76 (affirming dismissal of § 1983 claim against attorney who represented the plaintiff in a parole revocation hearing given the lack of any "factual support or evidence upon which a conspiracy [with state officials] could be based"); *see also Twombly*, 550 U.S. at 555.

Finally, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised to consider any state-law claims that are alleged in the complaint/petition because plaintiff has failed to state

a viable federal claim. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis,* 80 F. App'x 382, 384-85 (6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

Accordingly, in sum, the Court concludes that the plaintiff's *pro se* complaint/petition should be dismissed at the screening stage for lack of subject matter jurisdiction because the Court lacks authority to consider plaintiff's request to have a Kentucky state-court action removed to this Ohio federal district court; collateral estoppel bars review of plaintiff's claims that were litigated and necessarily decided in the prior removal action filed by plaintiff with the federal district court in Kentucky; this Court lacks authority to consider plaintiff's claims under the "domestic relations exception" to federal jurisdiction; the *Rooker-Feldman* doctrine applies to bar review of plaintiff's claims challenging actions taken in the state-court domestic relations case; and plaintiff has failed to state a viable claim for relief under 42 U.S.C. § 1983 against the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint/petition be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

---

[3] In so recommending, the undersigned recognizes that one of the bases for dismissal of the complaint is that *Younger* abstention applies to bar review of any claim for equitable relief against defendant McDonald, the Shelby County judge who is currently presiding over the state-court domestic relations case. Generally, if the requirements for *Younger* abstention are met, a district court should stay, rather than dismiss, the § 1983 claim pending resolution of the state proceeding. *See Evans, supra,* 2000 WL 1871706, at *2 (and Sixth Circuit cases cited therein). However, in this case, because the complaint is subject to dismissal on alternative grounds, the undersigned recommends that the complaint be dismissed with prejudice.

appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/3/12
cbc

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN KEVIN STEELE,
    Plaintiff,

vs

KIMBERLY ANN STEELE,
et al.,
    Defendants.

Case No. 1:12-cv-439

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).