UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                          |   |                     |
|--------------------------|---|---------------------|
| JOHN KEVIN STEELE,       | : | NO. 1:12-CV-00439   |
|                          | : |                     |
|     Plaintiff,           | : |                     |
|                          | : |                     |
|     vs.                  | : | **OPINION AND ORDER** |
|                          | : |                     |
| KIMBERLY ANN STEELE, et al., | : |                 |
|                          | : |                     |
|     Defendants.          | : |                     |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 5), to which Plaintiff filed an Objection (doc. 21), Defendant Shelby County filed a Response (doc. 22), and Plaintiff filed a Reply (doc. 23).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects and DISMISSES this matter with prejudice to refiling.

## I.  Background

This case arises from Plaintiff's divorce and child custody case in the Shelby County, Kentucky, Circuit Court, under which Plaintiff has been required to pay child support, and under which he has been held in contempt for failure to do so.  Plaintiff filed the instant Complaint to remove the matter to federal court, to assert causes for gender discrimination, the violation of his due process rights, the alleged violation of his equal protection rights, and false arrest and fraud.  Plaintiff named Shelby County

as a Defendant, based on the theory that other parties he has named
are county officials.   Plaintiff further named the Commonwealth of
Kentucky; three current or former judges, John David Myles, Stephen
K. Mershon, and Martin F. McDonald; two attorneys in private
practice, Gilmore Dutton, Esq., and Brian Gowin, Esq.; and his ex-
wife Kimberly Steele.

         In her Report and Recommendation, the Magistrate Judge
recommended <u>sua</u> <u>sponte</u> that Plaintiff's Complaint be dismissed for
lack of subject matter jurisdiction, due to collateral estoppel,
due to the "domestic relations exception" to federal jurisdiction,
due to the application of the <u>Rooker-Feldman</u> doctrine, and due to
Plaintiff's failure to state a viable claim for relief under 42
U.S.C. § 1983 (doc. 5).   The Court initially adopted such Report
and Recommendation (doc. 13), but on Plaintiff's motion (doc. 17),
allowed Plaintiff to file untimely objections (doc. 19).  Plaintiff
filed objections (docs. 21, 23), and Defendant Shelby County
responded (doc. 22), such that this matter is ripe for the Court's
review.

## II.  Plaintiff's Objections and Defendant's Response

         Plaintiff objects to the Magistrate Judge's Report and
Recommendation, contending that this Court does have jurisdiction
over his Complaint, because he brings a number of federal claims
and he does not seek any relief in relation to child custody,
visitation, alimony, or the divorce decree (doc. 21).  He argues

that courts have construed the "domestic relations exception" too broadly, and that here, the Court should reject such exception and exercise jurisdiction over his case (Id.).  He contends he was denied due process in the Shelby County court system, which he alleges refused his proffered evidence of income in setting his child support, and stonewalled his efforts to adjust such support (Id.).  He indicates his ex-wife was awarded all marital possessions, and that he has accumulated debt so as to pay child support (Id.).  He contends the child support amount was arbitrarily set, and that he was held in contempt of court and jailed after a  hearing that he understood was to address a modification of his child support obligation (Id.).  It appears in addition, Plaintiff asserts claims for gender discrimination, violation of his equal protection rights, false arrest, and fraud (Id.).  In further opposition to the Magistrate Judge's Report and Recommendation, he contends this Court should not "remand" this matter to the Shelby County court, because in his view, such court lacks jurisdiction under the Uniform Interstate Family Support Act, as well as personal jurisdiction over himself (doc. 23).

Defendant Shelby County responded to Plaintiff's Objections (doc. 22), while none of the other various defendants have entered an appearance.  In its Response, Defendant contends the Magistrate Judge properly concluded this matter should be dismissed on jurisdictional grounds (Id.). First, Defendant argues

3

this Court lacks removal jurisdiction, as this matter was not brought as a civil rights matter, but rather a divorce and child custody proceeding and not subject to removal under 28 U.S.C. § 1443 (Id.).  Even if such removal would be appropriate, Defendant contends under Section 1443, the case would properly be removed to "the district court of the United States for the district and division embracing the place wherein it is pending," which is, the Western District of Kentucky at Louisville, not the Southern District of Ohio at Cincinnati (Id.).

Defendant further contends this Court lacks subject matter jurisdiction as this is a domestic relations matter, and nevertheless, the Court lacks personal jurisdiction over Shelby County Kentucky (Id. citing Ankenbrandt v. Richards, 504 U.S. 689 (1992), and Ohio Revised Code § 2307.382(A)).  Defendant argues the Petition does not allege it transacts any business in Ohio, nor is there any factual basis for such an allegation (Id.).

Finally, Defendant contends the Petition fails to state a claim against Shelby County, because the individual defendants are not local officials of Shelby County (doc. 22).  The other Defendants are the Commonwealth of Kentucky, three current or former judges, two attorneys in private practice, and Plaintiff's ex-wife (Id.).  Defendant contends the judges are state actors, and none of the other named Defendants are in any way officials of Shelby County (Id.).  As such, Defendant contends Plaintiff has

4

failed to state a claim against Shelby County (Id.).

## III.  Analysis

Having reviewed this matter, and even with the benefit of Plaintiff's Objections, the Court nonetheless finds the Magistrate Judge's conclusion correct that this Court lacks jurisdiction over this matter for every reason she articulated in her well-reasoned and thorough Report and Recommendation.  This matter clearly relates to Plaintiff's concerns regarding child support orders, and falls therefore within the scope of the state court's jurisdiction. The Court is nonetheless barred from reviewing the state court decisions under the Rooker-Feldman doctrine.  Even if federal review of Plaintiff's civil rights claims were appropriate, as Defendant properly contends, under 28 U.S.C. § 1443 the Southern District of Ohio is not the correct jurisdiction for removal.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981)

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 5), and DISMISSES Plaintiff's Complaint

(doc. 1) with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a) that for the reasons indicated in the Magistrate Judge's Report and Recommendation, any appeal of this Order would not be taken in good faith and the Court therefore DENIES Plaintiff leave to appeal <u>in forma</u> <u>pauperis</u>.  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).


         SO ORDERED.



DATED: May 1, 2013          <u>s/S. Arthur Spiegel</u>
                            S. Arthur Spiegel
                            United States Senior District Judge