UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KEVIN STEELE,
Plaintiff,

vs.

KIMBERLY ANN STEELE, et al.,
Defendants.

Case No. 1:12-cv-439
Spiegel, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion to alter, amend or vacate judgment and plaintiff's demand for findings of fact of conclusions of law pursuant to Fed. R. Civ. P. 52. (Doc. 27).

**I. Background**

On July 3, 2012, plaintiff was granted leave to proceed *in forma pauperis* in this matter. (Doc. 3). Plaintiff filed his pro se complaint that same date. (Doc. 4). After *sua sponte* review of the complaint, the undersigned issued a Report and Recommendation that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the Court certify pursuant to § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. (Doc. 5). After allowing plaintiff to file untimely objections (Doc. 19), the Court entered a final Order and Judgment on May 1, 2013, adopting the Report and Recommendation to dismiss the complaint for lack of jurisdiction, on collateral estoppel grounds, pursuant to the "domestic relations exception" to federal jurisdiction, based on application of the *Rooker-Feldman* doctrine, and due to plaintiff's failure to state a viable claim for relief under 42 U.S.C. § 1983. (Docs. 24, 25).

Thereafter, on May 17, 2013, plaintiff filed his motion for relief from judgment and his demand for findings of fact and conclusions of law. (Doc. 27). Plaintiff contends that the May 1, 2013 Order adopting the Report and Recommendation provides no facts which refute his arguments based on the Constitution and Supreme Court precedent. Plaintiff asserts that the Court must set forth the facts upon which its Order is based so that he can make an informed decision to appeal the Order. Plaintiff further contends that the Court erred by holding that review of the state court decision at issue is barred under the *Rooker-Feldman* doctrine; the Court erred by finding that the "domestic relations exception" to federal jurisdiction applies in this case; the Court erred by determining that this case relates to plaintiff's concerns regarding child support orders and is therefore a matter that lies within the jurisdiction of the state court; and the Court did not cite any authority or facts to show that plaintiff cannot rely on the Uniform Interstate Family Support Act to demonstrate the state court lacks jurisdiction over this matter. Plaintiff also alleges that the Court failed to determine whether the state court had jurisdiction to hold a hearing in this matter after plaintiff had removed the matter to federal court and all parties had notice of the removal. Plaintiff also contends that he has been deprived of his due process rights in connection with the state court proceedings. He further alleges that as a pro se litigant, he is not held to the same strict pleading standards as an attorney and he therefore should have been given leave to re-file his complaint.

As relief, plaintiff requests that the Court make findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 pertaining to the specific issues set forth above; that the Court alter, amend or vacate the May 1, 2013 Order in the interest of justice; that the Court declare which court has proper jurisdiction over this matter and decline to remand the matter to the

2

Shelby County Family Court, which plaintiff asserts has no jurisdiction over this matter; and that the Court declare whether the Shelby County Family Court had jurisdiction to hold a hearing in this matter after plaintiff attempted to remove the case to federal court.

## II. Resolution

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) may be based on one of four grounds: (1) there has been an intervening change in controlling law; (2) evidence not previously discovered has become available; (3) a clear error of law must be corrected; or (4) there is a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The purpose of a Rule 59(e) motion is not to relitigate issues previously considered, nor to raise arguments or present evidence which could have been submitted prior to the entry of judgment. *See Beaver Cnty. Ret. Bd. v. LCA-Vision Inc.*, No. 1:07-cv-750, 2009 WL 3720651, at *3 (S.D. Ohio Nov. 5, 2009) (citations omitted). Relief under Rule 59(e) "should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *United States, ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citations omitted).

Plaintiff is not entitled to relief under Rule 59(e) from the Order and Judgment issued on May 1, 2013, *sua sponte* dismissing his complaint. Plaintiff has not shown that there has been an intervening change in the controlling law or that a clear error of law occurred. Nor has plaintiff come forward with new factual allegations or asserted any facts which suggest that reconsideration of the Court's final Order and Judgment is necessary to prevent a manifest injustice. Plaintiff has failed to set forth any additional arguments that have not previously been

3

considered by the Court or which suggest that the May 1, 2013 final Order and Judgment *sua sponte* dismissing the complaint and denying leave to appeal *in forma pauperis* should be altered, amended or vacated. Accordingly, plaintiff has failed to demonstrate a proper basis for the Court to alter, amend or vacate the final Order and Judgment.

To the extent plaintiff seeks clarification of the Court's May 1, 2013 Order pursuant to Fed. R. Civ. P. 52, such relief is not warranted. Contrary to plaintiff's arguments, the Report and Recommendation issued on July 3, 2012, and the Court's May 1, 2013 Order fully explain the reasons for the Court's decision to dismiss the complaint. (*See* Docs. 5, 24). Further, Rule 52 is not applicable here. Rule 52 generally provides that in an action "tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Rule 52 does not require the Court to state findings of fact and make conclusions of law separately when determining that *sua sponte* dismissal of a complaint is warranted.

Finally, plaintiff suggests that he should be granted leave to amend the complaint and provided instructions by the Court on how to cure any deficiencies in light of his pro se status. (Doc. 27 at 5). However, it is "patently obvious" in light of plaintiff's allegations in the motion to alter or amend judgment that amendment of the complaint would be futile. *See Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) (quoting *Wolf v. Petrock,* 382 F. App'x 674, 677 (10th Cir. 2010) ("dismissal of a pro se plaintiff's complaint for failure to state a claim 'is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (alterations omitted)). Accordingly, leave to amend the complaint is not warranted.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to alter, amend or vacate judgment and plaintiff's demand for findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 (Doc. 27) be **DENIED**.

Date: 10/15/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KEVIN STEELE,
Plaintiff,

vs.

KIMBERLY ANN STEELE, et al.,
Defendants.

Case No. 1:12-cv-439
Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   John Kevin Steele
   7084 Hearne Road
   Cinti., OH 45248

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X ☒ Agent
   ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail       ☐ Express Mail
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

   7011 3500 0001 5345 9503

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540