```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| JOHN KEVIN STEELE, | : | NO. 1:12-CV-00439 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| KIMBERLY ANN STEELE, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 28), and Plaintiff's Objection (doc. 29).

**I.  Background**

The Court issued an Order in this case on May 1, 2013, affirming the Magistrate Judge's Report and Recommendation to dismiss the Complaint for lack of jurisdiction due to collateral estoppel, due to the "domestic relations exception" to federal jurisdiction, due to the application of the Rooker-Feldman doctrine, and due to Plaintiff's failure to state a viable claim for relief under 42 U.S.C. § 1983 (docs. 24, 25).  Plaintiff subsequently filed his motion for relief from judgment and his demand for findings of fact and conclusions of law (doc. 27).  The Magistrate Judge reviewed Plaintiff's Motion, found no basis for the relief requested, and recommended the Court deny such motion (doc. 28).  Specifically, she found no basis under Fed. R. Civ. P.

59(e) for such relief, as Plaintiff had not shown an intervening change in controlling law, nor a clear error of law, no new factual allegations, and no manifest injustice resulting from the Court's Order (Id.).  She further found relief pursuant to Fed. R. Civ. P. 52 inapplicable because the Court conducted no bench trial nor used an advisory jury, but simply determined that a sua sponte dismissal was appropriate (Id.).  Under such circumstances, she opined, no findings of fact and conclusions of law are required (Id.). Finally, the Magistrate Judge found no basis for the Court to grant Plaintiff leave to amend his Complaint, as it is patently obvious in Plaintiff's motion that any such amendment would be futile (Id.).

**II.  Discussion**

Plaintiff's objection (doc. 29) levels a number of accusations at the Magistrate Judge, which are lacking in merit. Contrary to Plaintiff's assertion, the Court did indeed permit Plaintiff to file objections that were arguably late, but found the interests of justice militated in his favor (doc. 19).  Plaintiff further misconstrues the Magistrate Judge's finding that Rule 52 is inapplicable here by arguing that she "alleges that this court is not bound by [such Rule]. . .and that none of the recommendations [by the Magistrate Judge] were based on facts and. . .are purely arbitrary" (doc. 29).   The Magistrate Judge in no way stated the Court is not bound by Rule 52, she only correctly stated it is

inapplicable. Plaintiff contends the Magistrate Judge "has breached [her] fiduciary duty to the Constitution," and concludes that he "has sufficiently refuted the arbitrary opinions and false statements of the [Magistrate Judge]" such that in his view he merits the relief he seeks (Id.).

The Court has reviewed the record, Plaintiff's strident and unwarranted objection, and finds no basis under Rule 59 for the relief Plaintiff seeks. Plaintiff has failed to show any applicable intervening change in controlling law, nor a clear error of law, he has raised no new factual allegations, and he has not demonstrated a manifest injustice resulting from the Court's Order. On the record before the Court any amendment of Plaintiff's Complaint would also be futile. The Court simply lacks subject matter jurisdiction over Plaintiff's Complaint for each of the reasons previously articulated in the record (docs. 24, 25).

**III. Conclusion**

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct.

3

Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 28), and DENIES Plaintiff's Motion to Alter or Vacate Opinion and Order and Demand for Findings of Fact and Conclusions of Law (doc. 27).

SO ORDERED.

DATED: January 9, 2014         s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge